# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HILARIO GONZALEZ,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-693-G |
| | ) |
| **CHRISTE QUICK, Acting Warden,** | ) |
| | ) |
| Respondent.[1] | ) |

## ORDER

Petitioner Hilario Gonzalez, a state prisoner appearing pro se, initiated this action on August 8, 2022, by filing a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his state-court criminal conviction under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

On November 2, 2022, Judge Purcell issued a Report and Recommendation ("R. & R.," Doc. No. 10), in which he recommended the Petition be dismissed upon preliminary review. *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. On December 22, 2022, Petitioner filed a timely Objection to the R. & R. (Doc. No. 13).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The current head of Petitioner's facility is hereby substituted as Respondent. *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d), 81(a)(4).

Having conducted this de novo review, the Court finds as follows.

I.   *Background*

On June 8, 2021, Petitioner was convicted upon guilty plea on three drug charges in the District Court of Comanche County, Oklahoma.  Pet. at 1; *see State v. Gonzalez*, No. CF-2018-562 (Comanche Cnty. Dist. Ct.).[2]  The trial court sentenced Petitioner to twenty years' imprisonment, with all but the first 8 years suspended.  *See* Pet. at 1.  Petitioner did not seek to withdraw his guilty plea or otherwise pursue a direct appeal of his conviction. *See id.* at 2-3; *see also Washington v. Dowling*, 793 F. App'x 667, 669-70 (10th Cir. 2019) (explaining that, pursuant to Oklahoma Court of Criminal Appeals ("OCCA") Rule 4.2(A), a defendant convicted on a plea of guilty who wishes to pursue a certiorari appeal must seek to withdraw the plea within ten days of the conviction).

On March 29, 2022, Petitioner sought leave from the trial court to file a certiorari appeal out of time.  *See* Pet. at 3.  The trial court denied Petitioner's request on May 2, 2022.  *See id.* at 27-28.

Petitioner appealed this disposition to the OCCA.  Pet. at 3-4; *see Gonzalez v. State*, No. PC-2022-497 (Okla. Crim. App.).  To the appellate court, Petitioner argued that the trial court erred by improperly enhancing his criminal sentence and that he had received ineffective assistance of counsel.  *See* Pet. at 5-8.

On July 11, 2022, the OCCA affirmed, stating:

> Petitioner must prove he was denied an appeal through no fault of his own in order to be granted an appeal out of time.  Petitioner's petition to this Court and the record fail to establish he was denied an appeal through no fault of

---

[2] The state-court case dockets are publicly available through http://www.oscn.net.

> his own. Therefore, Petitioner's petition seeking a certiorari appeal out of time is **DENIED**.

OCCA Order at 1-2 (Pet. at 29-30) (citation omitted); *see* Okla. Stat. tit. 22, ch. 18 app. R. 2.1(E)(1) (prescribing that a defendant who seeks to appeal out of time must file a postconviction application in the trial court "prov[ing] he/she was denied an appeal though no fault of his/her own").

II.     Discussion

Petitioner now seeks federal habeas relief, raising the same claims of error presented in his state-court postconviction efforts. *See* Pet. at 5-8, 16-25. Judge Purcell concluded, and the undersigned agrees, that these claims are subject to dismissal as barred by Petitioner's default before the OCCA. *See* R. & R. at 4-6.

"A state prisoner's default of his federal claims in state court under an independent and adequate state procedural rule bars federal habeas review of those claims." *Finlayson v. Utah*, 6 F.4th 1235, 1238 (10th Cir. 2021) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). "The [independent and adequate state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30; *see also Brecheen v. Reynolds*, 41 F.3d 1343, 1354 (10th Cir. 1994).[3]

---

[3] As noted in the R. & R., the OCCA's imposition of a procedural bar was an "independent" state ground because it was "separate and distinct from federal law" and "the exclusive basis for the state court's holding." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995); *see* OCCA Order at 1-2. And the extant authority is consistent with a finding that the OCCA's basis for its disposition was "adequate"—i.e., "strictly or regularly followed." *Maes*, 46 F.3d at 986 (internal quotation marks omitted); *see, e.g.*, *Mason v. Martin*, No. 15-CV-0167, 2018 WL 3484040, at *4-5 (N.D. Okla. July 19, 2018); *Falls v. Williams*,

Federal habeas review of these defaulted claims is precluded absent a showing by Petitioner of either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "a fundamental miscarriage of justice" will result if the claims are not considered. *Coleman*, 501 U.S. at 750; *see* R. & R. at 6-8.

Liberally construed, Petitioner raises two objections to Judge Purcell's recommendation. First, Petitioner argues that the state courts erred in rejecting his attempt to pursue an out-of-time appeal because Petitioner had met the criteria prescribed by OCCA Rule 2.1(E)(1) to pursue such an appeal. *See* Pet'r's Obj. at 2. "[F]ederal habeas corpus relief does not lie for errors of state law," however. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Second, Petitioner invokes the cause-and-prejudice exception, asserting as cause for his default that his defense counsel "swe[pt] th[e] allegation" regarding the improper enhancement to his sentence "under the judicial rug" "and "fail[ed] to perfect a timely appeal" despite Petitioner's desire to seek a certiorari appeal from his conviction. Pet'r's Obj. at 2-4. "Cause" under the cause-and-prejudice analysis "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. Attorney error amounting to constitutionally ineffective assistance of counsel under the Sixth Amendment may constitute cause as would be required to excuse a procedural

---

No. CIV-09-1133-D, 2010 WL 4054400, at *12 (W.D. Okla. Sept. 9, 2010) (R. & R.), *adopted*, 2010 WL 4054398 (W.D. Okla. Oct. 14, 2010); *see also Routt v. Hines*, 48 F. App'x 313, 315 (10th Cir. 2002) ("The [OCCA] has repeatedly held that the statutory rules setting time limits for filing an appeal are absolute and neither the OCCA nor the trial courts have the authority to extend them.").

default. *Id.* at 753-54.

Petitioner thus argues that the ineffective assistance of counsel constitutes cause for the default before the OCCA of his claim that his sentence was improperly enhanced. But Petitioner "cannot . . . invoke ineffective counsel as cause for any procedural default that occurred" in his state postconviction proceedings, "because there is no Sixth Amendment right to counsel in these proceedings." *Gonzales v. Hartley*, 396 F. App'x at 508 (citing *Coleman*, 501 U.S. at 753-54). Further, Petitioner may not rely upon his ineffective-assistance claim "to establish cause for his procedural default" of the sentencing claim because that claim was "itself . . . procedurally defaulted." *Id.* at 509; *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that an ineffective-assistance claim "asserted as cause for the procedural default of another claim can itself be procedurally defaulted"); *see* OCCA Order at 1-2. Absent a showing of cause, the Court need not consider the existence of actual prejudice. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

For all these reasons, the Court finds that federal habeas review of Petitioner's claims is barred due to the procedural default of these claims in the state courts.

## CONCLUSION

The Court therefore ADOPTS the Report and Recommendation (Doc. No. 10) in its entirety. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a

final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 27th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge